IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILTON CHERRY, # M-10123, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00473-JPG |
| | ) |
| DR. CALDWELL, DR. L. SHICKER, | ) |
| ASSISTANT WARDEN CAMERON, and | ) |
| WARDEN DOZIER | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center ("Vandalia"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges claims against Dr. Caldwell (a Vandalia physician); Dr. L. Shicker (chief doctor for the Illinois Department of Corrections); Cameron (Assistant Warden of Programs); and Dozier (Warden of Vandalia). (Doc. 1). Plaintiff claims that Defendants have denied him adequate medical treatment for a knee injury. *Id*. at 5. Plaintiff seeks treatment for his knee injury and monetary damages. *Id*. at 6.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff was taken into custody at Vandalia on October 1, 2012 and met with Dr. Caldwell the next day. (Doc. 1, p. 5). According to the complaint, at that appointment, Dr. Caldwell ordered x-rays on Plaintiff's knee and had Plaintiff sign release forms so that Dr. Caldwell could obtain Plaintiff's medical records. The x-rays were completed on January 2, 2013 and showed bullet fragments in Plaintiff's knee; the medical records confirmed that Plaintiff had previously been scheduled to have knee surgery on February 22, 2012. *Id*. at 5, 7.

On February 28, 2013, Dr. Caldwell met again with Plaintiff and informed him that he had presented Plaintiff's case to Dr. Shicker (chief doctor for the Illinois Department of Corrections) and his colleagues. Dr. Caldwell reported that Plaintiff's request for knee surgery had been denied because the doctors did not consider Plaintiff's condition to be "life threatening." *Id*. at 5.

Plaintiff maintains that he endures severe pain every day and that the pain is getting worse. Moreover, he states that he must use a crutch to get around. Plaintiff has been back to see Dr. Caldwell numerous times about his knee, but the surgery has never been approved. *Id*.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to identify the claims in Plaintiff's *pro se* complaint, as enumerated below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

After carefully considering the allegations, the Court finds that the complaint sets forth two actionable claims: Count 1 states a claim for damages against only Defendants Caldwell and Shicker under the Eighth Amendment for deliberate indifference to a serious medical need; Count 2 states a claim for injunctive relief against Defendant Dozier, in his official capacity as Warden of Vandalia.  The Court finds that Plaintiff has failed to state facts to support a claim against Defendant Cameron; therefore, Defendant Cameron will be dismissed without prejudice.

**Count 1: Failure to Treat – Monetary Relief**

To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint satisfies the objective prong of this test.  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  The complaint asserts that Plaintiff requires knee surgery and Plaintiff has provided documentation showing that he was previously scheduled to have knee surgery. (Doc. 1, p. 7).  Further, Plaintiff states that he is in extreme pain every day.  These allegations meet the threshold requirement for a "serious" medical need.

The complaint also satisfies the subjective component of an Eighth Amendment medical needs claim against Defendants Caldwell and Shicker.  To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Officials must "know of and disregard an excessive risk to inmate health" by

being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to Defendants Caldwell and Shicker, the complaint suggests that both individuals knew of and disregarded Plaintiff's need for knee surgery because it was not considered life-threatening. These allegations are sufficient to state an Eighth Amendment medical needs claim against both Defendants at this early stage in the litigation.

Plaintiff also lists Cameron (Assistant Warden of Programs) and Dozier (Warden of Vandalia), but makes no specific allegations against either of them in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of respondeat superior is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that either Defendant Cameron or Dozier is "personally responsible for the deprivation of a constitutional right." *Id*. An individual cannot be held liable merely because he supervised a person who caused a constitutional violation. Accordingly, Defendant Dozier, in his individual capacity, will be dismissed from this action without prejudice. He will remain in the suit in his official capacity as Warden of Vandalia for the reasons discussed in the next section. Defendant Cameron will be dismissed from this action without prejudice.

### Count 2: Failure to Treat – Injunctive Relief

Plaintiff additionally seeks injunctive relief in the form of medical treatment. Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). Therefore, Plaintiff may proceed on this claim against Defendant Dozier, in his official capacity as Warden of Vandalia.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment medical needs claim for damages (Count 1) against Defendants Caldwell and Shicker. He shall be allowed to proceed with his request for injunctive relief (Count 2) against Defendant Dozier, but only in his official capacity as Warden of Vandalia. Defendant Cameron shall be dismissed from this action without prejudice.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) remains **PENDING**. Plaintiff is advised that pursuant to the Court's Order dated April 30, 2014 (Doc. 6), Plaintiff must provide the Clerk of Court with a certification completed by the Trust Fund Officer at his facility and a copy of his trust fund account statement (or institutional equivalent) for the period 10/1/2013 to 4/24/2014 no later than June 16, 2014. Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. *See* Fed. R. Civ. P. 41(b).

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge and addressed in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **CAMERON** is **DISMISSED** without prejudice from this action.

Plaintiff's claim for damages (Count 1) against Defendants **CALDWELL** and **SHICKER** shall proceed. Defendant **DOZIER** will remain as a defendant in this action, but only in his official capacity for purposes of Plaintiff's claim for injunctive relief (Count 2).

The Clerk of Court shall prepare for **DEFENDANTS CALDWELL, SHICKER,** and **DOZIER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 16, 2014**

                                      **<u>s/J. Phil Gilbert</u>**
                                      **U.S. District Judge**