IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON CHERRY, M10123,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. <u>3:14-cv-00473-JPG-PMF</u> |
| | ) |
| **DR. CALDWELL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Dr. Shicker's Motion for Summary Judgment (Doc. 30).[1] Dr. Shicker argues that Plaintiff Milton Cherry failed to exhaust available administrative remedies prior to filing suit. Cherry did not file a response in opposition to the motion. Cherry filed this lawsuit pursuant to 42 U.S.C. § 1983 on April 24, 2014 claiming that employees of the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc., violated his constitutional rights. Plaintiff now proceeds on the following claim:

**Count 1:** Eighth Amendment deliberate indifference to a serious medical need claim against Dr. Caldwell and Dr. Shicker for failure to adequately treat the Plaintiff's knee injury.

Warden Dozier of the Vandalia Correctional Center ("Vandalia") is included as a Defendant in his official capacity for the purposes of injunctive relief. For the following reasons, it is recommended that the Defendant Dr. Shicker's motion for summary judgment be DENIED.

---

[1] The parties' pleadings did not present any genuine disputes of material fact and so the Court did not hold a *Pavey* evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

1

Plaintiff Milton Cherry is an inmate at Vandalia and the events that give rise to this litigation occurred at that facility. According to Cherry's complaint, sometime prior to his incarceration Cherry suffered a gunshot wound to the knee. Cherry was originally scheduled to have knee surgery in early 2012 but the surgery never took place. Cherry later entered the custody of IDOC and arrived at Vandalia on October 1, 2012. Cherry spoke to Dr. Caldwell shortly after arriving at the facility and they discussed Cherry's knee situation. On January 2, 2013 Cherry underwent an x-ray exam and the x-rays indicated that there were bullet fragments around his knee. Cherry was next seen by Dr. Caldwell on February 28, 2013. At the February 28 appointment Dr. Caldwell told Cherry that he had presented the situation to Dr. Shicker (IDOC's chief medical doctor) and that IDOC would not approve the knee surgery.

On December 5, 2013 Cherry filed an emergency grievance concerning his knee issues. The grievance states:

> "**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information of each person involved):** Dr. Caldwell isn't ordering me a knee brace to keep my knee in place. I need surgery he is doing nothing. I'm told he won't send me out because it's not life threatening. My 8th Amendment rights have been violated. I live in pain each day. I can't sleep most nights because of pain and my knee keeps giving out."
> **Relief Requested:** I want a brace to keep my knee stable that way it won't hurt so much"

Cherry properly appealed the grievance to the IDOC Administrative Review Board ("ARB") in Springfield. The ARB issued a denial of Cherry's grievance on April 3, 2014. Cherry then filed suit on April 24, 2015. Dr. Shicker now seeks summary judgment on the basis that Cherry failed to exhaust administrative remedies prior to filing suit. Specifically, Dr. Shicker argues that Cherry did not exhaust administrative remedies against him because Cherry did not identify Dr. Shicker in his grievance.

Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Inmates must follow all grievance rules established by the correctional authority. *Id*.

Defendant Dr. Shicker admits that Cherry appealed his medical treatment grievance to the ARB. However, Dr. Shicker argues that Cherry's grievance is inadequate because it does not identify Dr. Shicker by name. IDOC regulations state that:

> "The [inmate's] grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(b).

The grievance form used by Cherry also directs the inmate to "[p]rovide information including a description of what happened, when and where it happened, and the name or identifying information of each person involved."

In the present case, Cherry's failure to identify Dr. Shicker by name does not warrant dismissal of the claim. Although the inmate is directed to "provide the name or identifying information of each person involved" and to "include as much descriptive information about the individual as possible," Dr. Caldwell indicated to Cherry that the decision to deny surgery was

3

made at the top administrative level. Dr. Shicker does not work at Vandalia, and in all likelihood, Cherry has never spoken to, or interacted with him. Cherry's complaint does suggest that he may have known that Dr. Shicker was involved in the decision to deny him knee surgery. But "it would be unreasonable to expect that, for every set of facts, an inmate will be able to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision." *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010). Cherry's grievance states that he is being denied adequate knee treatment, and under these circumstances, Cherry provided sufficient information to exhaust administrative remedies against Dr. Shicker. Additionally, the Vandalia prison administration and the ARB addressed Cherry's grievance on the merits. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("[e]arly notice to those who might later be sued … has not been thought to be one of the leading purposes of the exhaustion requirement"). The grievance served its purpose by giving IDOC administrators an opportunity to address Cherry's knee issues. Dr. Shicker's Motion for Summary Judgment should be denied.

## RECOMMENDATIONS

The Plaintiff exhausted available administrative remedies before filing this lawsuit and it is therefore RECOMMENDED that the Dr. Shicker's Motion for Summary Judgment be denied.

SO RECOMMENDED.

DATED:  April 27, 2015 .

> *s/ Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**